UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JEREMIAH SIDDIQUE JOHNSON EL EX
REL JERRY LETITE/LATEEK JOHNSON,

                    Plaintiff,

-against-

WILLIAM L. DePROSPO DBA
MAGISTRATE GOSHEN CIVIL COURT;
STATE OF NEW YORK; TOWN OF
CHESTER; BRUCE CHAMBERS; ROBERT
BIRD,

                    Defendants.

1:19-CV-8426 (CM)

ORDER OF DISMISSAL

COLLEEN McMAHON, Chief United States District Judge:

    Plaintiff, appearing *pro se*, brings this action to remove what he believes to be a state-court civil action to this Court. He alleges that the defendants have violated his federal constitutional rights. He sues Orange County Court Judge William L. DeProspo, the State of New York, the Town of Chester, and Chester Police Officers Bruce Chambers and Robert Bird. He seeks damages and injunctive relief. The Court construes Plaintiff's pleading, which is styled as a notice of removal, as a complaint commencing a new civil action in this Court in which Plaintiff asserts claims against the defendants under 42 U.S.C. § 1983 and state law. By order dated November 12, 2019, the Court granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis*. For the reasons discussed below, the Court dismisses this action.

## STANDARD OF REVIEW

    The Court must dismiss an *in forma pauperis* complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B);

*see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted, emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

The United States Supreme Court has held that under Rule 8, a complaint must include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Id.* (citing *Twombly*, 550 U.S. at 555). After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.* at 678-79.

**BACKGROUND**

Plaintiff's pleadings are difficult to understand.[1] Plaintiff's complaint seems to ask this Court to remove a civil action from the "Goshen Civil Court" to this Court. Plaintiff names as defendants Orange County Court Judge William L. DeProspo, the State of New York, the Town of Chester, and Chester Police Officers Bruce Chambers and Robert Bird. Plaintiff seems to allege that Chambers and Bird violated Plaintiff's federal constitutional rights when they detained Plaintiff while he was travelling. (ECF 2, p. 4.) He also seems to allege that the defendants violated his Second Amendment rights by causing his pistol permit to be revoked. (*Id.*)

Plaintiff has attached to his complaint's supplement a copy of a letter from Bird to Judge DeProspo in which Bird recounted: (1) an incident that occurred on March 22, 2019, in which Chester police officers pulled over Plaintiff's vehicle and Plaintiff told them that he was not obligated to follow the laws of the United States of America or of the State of New York because he is a Moorish citizen, (2) Plaintiff's behavior following that traffic stop, including his sending "suspicious packages" to Chester Town Hall and to the Chester Police Department, and his disruption of business at the Town of Chester Court until he was removed from that court by court officers, and (3) Plaintiff's previous employment as an unarmed Special Officer of the New York City Administration for Childrens' Services ("ACS"), his resignation from that position while facing accusations that he falsely arrested someone and that he was mentally unfit for that position, his claim on his pistol permit application that he was a former ACS police officer, and

---

[1] Plaintiff styles his initial pleading as a notice of removal. (ECF 2.) But the Court construes that submission as a complaint commencing a new civil action in this Court. After Plaintiff filed his complaint, he filed a letter with attachments (ECF 3), which the Court construes as a supplement to the complaint.

his previous felony conviction. (ECF 3, p. 20.) In light of those events and others, Bird requested that Judge DeProspo revoke Plaintiff's pistol permit, which had been previously issued by an Orange County Court Judge. (*Id.*)

Plaintiff has also attached to his complaint's supplement a copy of a May 16, 2019 order of revocation issued by Judge DeProspo. (*Id.* p. 2-3.) Judge DeProspo noted that the Orange County Court previously issued Plaintiff a pistol permit on May 12, 2016. (*Id.* p. 2.) But Judge DeProspo revoked Plaintiff's pistol permit because of Plaintiff's previous felony conviction. (*Id.* p. 2-3.) Plaintiff has written comments on the copy of that order in which he asserts that Judge DeProspo's finding that he was previously convicted of a felony is "false," and that his pistol permit was revoked only after he filed an unspecified complaint. (*Id.* p. 2.)

Plaintiff appears to also assert that the defendants have violated his right to due process. (*See* ECF 2, p. 4.) He seeks the criminal prosecution of the defendants. (*Id.* p. 13.) He also asks that this Court declare a "summons/ticket – suit" unconstitutional, dismiss it, and expunge it from records. (*Id.*) Plaintiff additionally seeks damages from the Town of Chester, Judge DeProspo, Chester Police Officers Bruce Chambers and Robert Bird, as well as Chester Police Chief Daniel Doellinger.

## DISCUSSION

**A.     The Eleventh Amendment**

Plaintiff's claims under 42 U.S.C. § 1983 against the State of New York are barred by the doctrine of Eleventh Amendment immunity. "[A]s a general rule, state governments may not be sued in federal court unless they have waived their Eleventh Amendment immunity or unless Congress has abrogate[d] the states' Eleventh Amendment immunity . . . ." *Gollomp v. Spitzer*, 568 F.3d 355, 366 (2d Cir. 2009) (internal quotation marks and citation omitted, second alteration in original). This immunity shields States from claims for money damages, injunctive

4

relief, and retrospective declaratory relief. *See Green v. Mansour*, 474 U.S. 64, 72-74 (1985); *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 101-02 (1984). Congress has not abrogated the States' immunity for claims under 42 U.S.C. § 1983. *See Dube v. State Univ. of N.Y.*, 900 F.2d 587, 594 (2d Cir. 1990). And the State of New York has not waived its immunity to suit in federal court. *See Trotman v. Palisades Interstate Park Comm'n*, 557 F.2d 35, 40 (2d Cir. 1977).

Plaintiff sues the State of New York. The Court therefore dismisses Plaintiff's § 1983 claims against the State of New York under the doctrine of Eleventh Amendment immunity and because those claims are frivolous. *See* 28 U.S.C. § 1915(e)(2)(B)(i), (iii); *Montero v. Travis*, 171 F.3d 757, 760 (2d Cir. 1999) ("A complaint will be dismissed as 'frivolous' when 'it is clear that the defendants are immune from suit.'" (quoting *Neitzke v. Williams*, 490 U.S. 319, 327 (1989))).

**B.     Judicial Immunity**

Plaintiff's claims against Judge DeProspo are barred under the doctrine of judicial immunity. Under this doctrine, judges are absolutely immune from suit for claims for damages for any actions taken within the scope of their judicial responsibilities. *See Mireles v. Waco*, 502 U.S. 9, 11-12 (1991). Generally, "acts arising out of, or related to, individual cases before [a] judge are considered judicial in nature." *Bliven v. Hunt*, 579 F.3d 204, 210 (2d Cir. 2009). "[E]ven allegations of bad faith or malice cannot overcome judicial immunity." *Id.* at 209. This is because "[w]ithout insulation from liability, judges would be subject to harassment and intimidation . . . ." *Young v. Selsky*, 41 F.3d 47, 51 (2d Cir. 1994). And as amended in 1996, § 1983 provides that "in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable." 42 U.S.C. § 1983.

Judicial immunity does not apply when a judge takes action outside his or her judicial capacity, or when a judge takes action that, although judicial in nature, is taken "in the complete absence of all jurisdiction." *Mireles* 502 U.S. at 11-12; *see also Bliven,* 579 F.3d at 209-10 (describing actions that are judicial in nature). But "the scope of [a] judge's jurisdiction must be construed broadly where the issue is the immunity of the judge." *Stump v. Sparkman,* 435 U.S. 349, 356 (1978).

Plaintiff asserts claims against Judge DeProspo arising from his May 16, 2019 decision to revoke Plaintiff's pistol permit. This conduct is well within the scope of Judge DeProspo's duties as an Orange County Court Judge. *See* N.Y. Penal Law §§ 265.00(10), 400.00(11)(a) (definition of firearms licensing officer for certain New York State counties, including Orange County, includes "a judge or justice of a court of record having his office in the county of issuance, " and "a [firearms] license may be revoked and cancelled at any time [in certain counties, including Orange County,] by any judge or justice of a court of record"); *see also Libertarian Party of Erie Cnty. v. Cuomo*, 300 F. Supp. 3d 424, 437 (W.D.N.Y. 2018) ("[A]n act is not judicial simply because the actor is a judge. Here, however, Judges . . . may evaluate firearms license applications because they are judges *and* the relevant law grants that authority to judges specifically. Consequently, it would be illogical to find that Judges . . . were acting outside of their judicial capacity.") (italics in original), *appeal pending*, No. 18-386 (2d Cir.); *Aron v. Becker*, 48 F. Supp. 3d 347, 365 (N.D.N.Y. 2014) (Under New York State law, the "determination of a pistol permit application . . . is a function necessarily performed by a judicial officer." (citing N.Y. Penal Law §§ 265.00(10), 400.00))).

Judge DeProspo is therefore immune from suit under the doctrine of judicial immunity. *See Libertarian Party of Erie Cnty.*, 300 F. Supp. 3d at 436-38; *Aron*, 48 F. Supp.3d at 364-65

(dismissing § 1983 claims against a County Court Judge "arising from or related to [a] pistol permit application matter" under the doctrine of judicial immunity). Accordingly, the Court dismisses Plaintiff's §1983 claims against Judge DeProspo under the doctrine of judicial immunity and because these claims are frivolous. *See* § 1915(e)(2)(B)(i), (iii); *Montero*, 171 F.3d at 760.[2]

C. **Private prosecution**

The Court must dismiss Plaintiff's claims in which he seeks the prosecution of any of the defendants or others. A private citizen cannot prosecute a criminal action in federal court. *See Leeke v. Timmerman*, 454 U.S. 83, 86-87 (1981) (prisoners lack standing to seek the issuance of an arrest warrant); *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973) ("[A] private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another."). And because federal prosecutors possess discretionary authority to bring criminal actions, they are "immune from control or interference by citizen or court." *Conn. Action Now, Inc. v. Roberts Plating Co.*, 457 F.2d 81, 87 (2d Cir. 1972). Accordingly, the Court dismisses any claims in which Plaintiff seeks the criminal prosecution of any of the defendants or others for failure to state a claim on which relief may be granted. *See* § 1915(e)(2)(B)(ii).

---

[2] The amendment to § 1983, allowing for injunctive relief against a judge only if a state-court declaratory decree was violated or state-court declaratory relief is unavailable, precludes Plaintiff from seeking injunctive against Judge DeProspo. *See Libertarian Party of Erie Cnty.*, 300 F. Supp.3d at 436-38; *Aron*, 48 F. Supp. 3d at 365. This is so because Plaintiff can seek judicial review of Judge DeProspo's decision in a proceeding under Article 78 of the New York Civil Practice Law and Rules in the New York Supreme Court, Appellate Division. *See* N.Y.C.P.L.R. § 506(b)(1); *Aron*, 48 F. Supp. 3d at 370-71. Federal district courts do not supervise the state courts.

**D. Procedural due process claims**

Plaintiff may be asserting claims that at least some of the defendants violated his right to procedural due process by causing his pistol permit to be revoked. "In a § 1983 suit brought to enforce procedural due process rights, a court must determine (1) whether a [liberty or] property interest is implicated, and if it is, (2) what process is due before the plaintiff may be deprived of that interest." *Nnebe v. Daus*, 644 F.3d 147, 158 (2d Cir. 2011). Courts within this Circuit have held that because a New York State government official's issuance of a pistol permit is a discretionary act, an individual has no property interest in holding such a permit. *See, e.g.*, *Boss v. Kelly*, 306 F. App'x 649, 650 (2d Cir. 2009) (summary order) ("Under New York law, [i]t is well settled that the possession of a handgun license is a privilege, not a right, which is subject to the broad discretion of" a firearms licensing officer.); *Weinstein v. Krumpter*, 386 F. Supp. 3d 220, 234-35 (E.D.N.Y. 2019); *Moore v. City of New York*, No. 15-CV-6600, 2018 WL 4043145, at *6 (S.D.N.Y. Aug. 7, 2018).

Even if Plaintiff had a property interest in holding such a firearms license, he cannot assert that his right to procedural due process was violated if state law provides an adequate remedy for the deprivation of that interest. *See Zinermon v. Burch*, 494 U.S. 113, 127-39 (1990); *Hudson v. Palmer*, 468 U.S. 517, 533 (1986); *Vialez v. N.Y.C. Hous. Auth.*, 783 F.Supp. 109, 114 (S.D.N.Y. 1991) ("[W]here a plaintiff alleges a deprivation of property in violation of the due process clause, the federal court's initial inquiry must be whether the state has provided adequate remedies to redress such unlawful acts. If so, there will be no claim before the federal court, whether or not plaintiff took advantage of the state procedure."). Courts have held that a proceeding under Article 78 of the New York Civil Practice Law and Rules is an adequate remedy to challenge decisions with respect to firearms licenses. *See Moore*, 2018 WL 4043145, at *6; *Aron*, 48 F. Supp. 3d at 375; *Rinaldi v. City of New York*, No. 13-CV-4881, 2014 WL

2579931, at *9 (S.D.N.Y. June 10, 2014), *report & recommendation adopted*, 2014 WL 4626076 (S.D.N.Y. Sept. 15, 2014); *Emerson v. City of New York*, 740 F. Supp. 2d 385, 393-94 (S.D.N.Y. 2010).

Plaintiff alleges no facts suggesting that the state-court remedy to challenge Judge DeProspo's decision – an Article 78 proceeding in the Appellate Division, *see* N.Y.C.P.L.R. § 506(b)(1); *Aron*, 48 F. Supp.3d at 370-71 – is inadequate. He also alleges nothing suggesting that he ever pursued that remedy. The Court therefore dismisses Plaintiff's § 1983 procedural due process claims for failure to state a claim on which relief may be granted. *See* § 1915(e)(2)(B)(ii).

**E.     Remaining § 1983 claims**

Plaintiff's remaining § 1983 claims against Chambers and Bird – which appear to arise from their having detained him and from Bird's reporting Plaintiff's actions to Judge DeProspo – appear to be duplicative of Plaintiff's § 1983 claims against those defendants in another *pro se* action that Plaintiff has brought in this Court that is pending before Judge Cathy Seibel. *See Johnson El v. Bird*, 7:19-CV-5102 (CS). The Court therefore dismisses Plaintiff's remaining § 1983 claims against Chambers and Bird without prejudice as duplicative of the claims he asserts against those defendants in *Johnson El*, 7:19-CV-5102 (CS).

Because Plaintiff alleges no facts showing that a policy, custom, or practice of the Town of Chester caused a violation of his federally protected rights, the Court dismisses Plaintiff's § 1983 claims against the Town of Chester for failure to state a claim. *See* § 1983(e)(2)(B)(ii); *See Connick v. Thompson*, 563 U.S. 51, 60 (2011) ("A municipality or other local government may be liable under this section [1983] if the governmental body itself 'subjects' a person to a deprivation of rights or 'causes' a person 'to be subjected' to such deprivation." (quoting *Monell*

*v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 692 (1978))); *Cash v. Cnty. of Erie*, 654 F.3d 324, 333 (2d Cir. 2011).

**F.     State-law claims**

A district court may decline to exercise supplemental jurisdiction over state-law claims when it "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). Generally, "when the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction . . . ." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988) (footnote omitted). Having dismissed the claims over which the Court has original jurisdiction, the Court declines to exercise its supplemental jurisdiction over any state-law claims Plaintiff may be asserting. *See Kolari v. New York-Presbyterian Hosp.*, 455 F.3d 118, 122 (2d Cir. 2006) ("Subsection (c) of § 1367 'confirms the discretionary nature of supplemental jurisdiction by enumerating the circumstances in which district courts can refuse its exercise.'" (quoting *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 173 (1997))).

**G.     Leave to Amend**

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because the defects in Plaintiff's complaint cannot be cured with an amendment, the Court declines to grant Plaintiff leave to amend.

## CONCLUSION

The Clerk of Court is directed to assign this matter to my docket, mail a copy of this order to Plaintiff, and note service on the docket. The Court dismisses this action. The Court dismisses Plaintiff's claims under 42 U.S.C. § 1983 against the State of New York and Judge

DeProspo as frivolous and for seeking monetary relief from defendants that are immune to such relief. 28 U.S.C. § 1915(e)(2)(B)(i), (iii). The Court dismisses Plaintiff's remaining § 1983 claims for failure to state a claim on which relief may be granted, *see* § 1915(e)(2)(B)(ii), with the exception of Plaintiff's remaining § 1983 claims against Bruce Chambers and Robert Bird, which the Court dismisses without prejudice as duplicative of his claims against those defendants in *Johnson El*, 7:19-CV-5102 (CS). The Court declines to exercise supplemental jurisdiction over any claims Plaintiff asserts under state law. *See* 28 U.S.C. § 1367(c)(3).

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is directed to docket this order as a "written opinion" within the meaning of Section 205(a)(5) of the E-Government Act of 2002.

SO ORDERED.

Dated: November 22, 2019
New York, New York

_____
COLLEEN McMAHON
Chief United States District Judge